# Hoban's Appeal.

Upon the confirmation of an administrator's account the Orphans' Court awarded the balance to a distributee; she being a lunatic, the administrator paid it over, in pursuance of an order of court, to her committee, "subject to the further order of the court." Subsequently a claim against the decedent's estate was presented and judgment recovered thereon; whereupon the judgment creditor obtained a rule to show cause why the decree of distribution should not be opened, which rule the court discharged, and no appeal was taken.

After the death of the committee and appointment of a new committee, the lunatic died, and on settlement of the account of the substituted committee the court decreed that a certain sum was due by him to the lunatic's estate. The above mentioned judgment creditor again applied for and obtained a rule to show cause why the original order directing payment of the distributive share to the committee of the distributee should not be revoked, and the funds remaining in the hands of the substituted committee be applied to payment of the judgment:

*Held*, that the application came too late, and the court properly discharged said rule.

February 23d 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Orphans' Court of *Wayne county :* Of January Term 1882, No. 444.

This was an appeal by Bridget A. Hoban, administratrix of Thomas Hennigan, deceased, from a decree of said court discharging a rule to show cause why a certain order of court of September 14th 1875, should not be revoked.

The material facts were as follows :—Upon the confirmation of the report of an auditor in the matter of the settlement of the account of the administrator of James Hoban, deceased, on September 11th 1875, the balance of $3,375.54 in the accountant's hands was awarded to Catharine Hoban, mother of the decedent. She being a lunatic, the court on September 14th 1875, made the following order : "It is ordered that the money distributed to Mrs. Catharine Hoban be paid into court or to F. M. Crane, subject to the further order of the court." The said money was thereupon paid by James Hoban's administrator to F. M. Crane, who was committee of Mrs. Catharine Hoban, by whom it was blended with other moneys in his hands belonging to Catharine Hoban, and used as her property.

On November 26th 1875, an amicable action was entered between Bridget A. Hoban, administratrix of Thomas Hennigan, deceased, plaintiff, and the administrator of James Hoban, deceased, defendant, wherein judgment was entered for plaintiff, by agreement filed December 7th 1876, for $3,500. A scire facias against the heirs and administrator of James Hoban was issued on this judgment in 1879, and an issue was tried result-

ing in a judgment for plaintiff against all the defendants, on May 12th 1881.

On December 11th 1875, Bridget A. Hoban, administratrix as aforesaid, obtained a rule to show cause why the confirmation of the auditor's report upon the account of the administrator of James Hoban deceased should not be set aside; which rule the court, after argument, discharged. No appeal was taken from this decree.

In January 1877, Crane died, and in March following H. C. Hand was appointed committee of said lunatic. Hand received from the estate of ·Crane the moneys and property belonging to the lunatic, which he also used as hers and for her maintenance, so far as necessary. In February 1879, Catharine Hoban died, and in July following the committee filed his account, in which he charged himself with what he had received from all sources, as the property of the lunatic, and took credit for his expenses, services and disbursements. This account was referred to an auditor, to whose report exceptions were filed; and after argument thereon a decree was made in December 1881, by which it appeared there is in the hands of the committee of Catharine Hoban $2,445.94.

Upon June 14th 1879, Bridget A. Hoban, administratrix, presented a petition, averring, inter alia, that there is not sufficient property belonging to the estate of James Hoban, deceased, out of which to collect the amount of the said judgment obtained by her, unless the money which remains in the hands of the committee of Catharine Hoban, lately deceased, is applied thereon; and praying for a rule upon Mr. Hand, the committee, and J. S. Ames, administrator pendente lite of said Catharine Hoban, to show cause why the above recited order of court, of September 14th 1875, should not be revoked, and the money in the hands of the committee be applied on said judgment.

The court granted a rule to show cause as prayed for, and, after argument, discharged the same, holding, in an opinion by McCollum, P. J. (of the 34th district) that no claim having been presented by Bridget Hoban, administratrix, before the auditor of the account of the administrator of James Hoban's estate, and the court having subsequently discharged her application to open the confirmation of said auditor's report, the decree of September 14th 1875, awarding the fund to Catharine Hoban, was conclusive as against the creditors of James Hoban, and the fund now belonging to the estate of Catharine Hoban cannot be applied to the said judgment of Bridget Hoban, administratrix.

Bridget Hoban, administratrix, thereupon took this appeal, assigning for error the action of the court in discharging said

rule, and refusing to apply the money in the hands of the committee, derived from the personal estate of James Hoban, to the payment of said judgment.

*G. G. Waller*, for the appellant.—Under the intestate law, only so much of James Hoban's personal estate vested in Catharine Hoban as remained after payment of his debts: when, therefore, the balance in his administrator's hands was directed to "be paid into court, or to the committee of Catharine Hoban, subject to the further order of the court," it still remained liable for his debts. Our judgment is conclusive of the debt of his estate; the fund being "subject to the further order of the court" should be applied thereto. If Catharine Hoban had not been a lunatic, and the fund had been awarded to her, she would have been obliged to give a refunding bond, on which we could have recovered from her or her estate the amount of our judgment. The status of the present fund in the hands of the committee is that of a sum awarded, but not paid for want of a refunding bond, the court retaining control of it to meet the demands of James Hoban's creditors, if any, which might be established. The court should have decreed its payment into court by the committee, and then have awarded it towards payment of our judgment.

*C. Smith*, contra.—The same question raised in the present proceeding was raised in the appellant's previous application to the court below, in 1875, to open the decree confirming the report of the auditor in the settlement and distribution of James Hoban's estate, and was decided against her. No appeal having been taken to that decree, it is res adjudicata. Besides, the fund was actually paid over by James Hoban's administrator in accordance with the decree of distribution, to the committee of Catharine Hoban, who blended it with other moneys of the lunatic, and used it for her support. The decree on the account of the substituted committee has also established the fact that the fund belongs to Catharine Hoban's estate, and that decree cannot be impeached collaterally in this proceeding. It is therefore too late to ask for a review of the original distribution in the Orphans' Court: Stewart's Appeal, 5 Norris 149; Charlton's Appeal, 7 Norris 476.

Chief Justice MERCUR delivered the opinion of the court, March 5th 1883.

This money in contention was decreed to Catharine Hoban, on a distribution of the fund in the hands of the administrator of James Hoban, after a settlement of his final account. That decree remains in full force. In consequence of Catharine be-

ing a lunatic the court ordered that the money so decreed be paid into court or to Mr. Crane her committee, subject to the further order of the court. In pursuance of this order the money was paid to Mr. Crane. He blended it with other moneys of hers in his hands, and thus mingled, it was used for her benefit. On the death of Mr. Crane, all her money remaining unexpended was passed over to Mr. Hand, the succeeding committee. On the death of Catharine, Hand settled his account as her committee. The sum found to be in his hands after deducting what had been justly expended in her maintenance and otherwise, was ascertained and decreed.

The appellant having obtained a judgment against the administrator of James Hoban since the making of the decree awarding the money to Catharine, now petitions the Orphans' Court to revoke the order made for the payment of the money to the committee, and to apply it on her judgment. This the court refused.

Without having presented on the distribution, the claim on which this judgment is based, and without appealing from or seeking to reverse the decree giving the money to Catharine, the appellant waits until a considerable portion thereof has been expended for her maintenance and the residue has passed into a decree against the appellee, and now applies for a revocation of the original order directing payment to be made to the former committee and to have the money applied on the judgment of the appellant. It is very clear that this money cannot be reached in the manner proposed. Passing by the decree giving the money to Catharine, and the subsequent payment thereof to her first committee by order of court, we are met with the later decree whereby the present committee, the appellee, is adjudged to owe the money to her estate. The learned judge was entirely correct in holding that the force and effect of this decree cannot be impeached by this proceeding.

Decree affirmed and appeal dismissed at the costs of the appellant.